The
Chief Justice
delivered the opinion of the court-.
We are of opinion the appeal in this case was rightly dismissed by the Court of Common Pleas. The entry on the jussice’s docket, of the judgment appealed from, is in these words i After hearing, ?v:c. “ I took until Monday the 26th inst. four o’clock P. M. at my house in the township of Bedminster. June 26,1826, gave judgment against defendant for forty dollars and fifty-five cents of debt with three dollars and eleven cents costs of suit” A judgment rendered after time, taken by the justice ¡to advise, if the defendant does not attend, has been repeatedly held to be a judgment, in the absence of the defendant within the meaning of the statute. Clark v. Read, 2 South. 486. Pierson v. Pierson, 2 Halst. 125. Semple v. Amboy Trustees, 3 Halst. 60. It is a clear and sound rule, that the propriety of at* appeal should appear on the face of the papers sent to the Court of Common Pleas, or in other words, it should appear that the case is one in which an appeal will lie. But here the entry on the docket does not shew that the defendant was present, and therefore entitled to appeal; nor is his attendance to be presumed. The Court of Common Pleas could not therefore legally sustain the appeal. If in truth, the defendant was present when the judgment was rendered, instead of waiting in the Court of Common Pleas until the appeal was called for hearing and a motion was made to dismiss it, he should on the return of the transcript and papers, have obtained a rule from that court calling on the justice to certify whether he was present at the rendition of the judgment.
Motion for mandamus over ruled'